17-3442 BPG

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Todd A. Moody, a Baltimore City Detective/Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), Baltimore Division, Baltimore, Maryland, being duly sworn, depose and state as follows:

1. I have been a Police Officer since 1997 and a Task Force Officer with the FBI since 1999. Since 2011, I have primarily investigated federal violations concerning child pornography and the sexual exploitation of children. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received FBI Crimes Against Children training, FBI Innocent Images Online Undercover training, and FBI Peer-to-Peer Network Online Investigation training. I have participated in the execution of numerous search warrants, of which the majorities have involved child exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of computers, cell phones, magnetic storage media for computers, other electronic media, and other items evidencing violations of federal laws, including various sections of Title 18, United States Code §§ 2252 and 2252A, et seq., involving child exploitation offenses. I have also participated in the execution of numerous search warrants for online accounts, such as email accounts, online storage accounts and other online communication accounts related to child exploitation and/or child pornography. In the course of my assignment as a TFO with the FBI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts.

FILED _____ ENTERED
LOGGED _____ RECEIVED
JAN 09 2018
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

1

2.     As a TFO, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3.     This affidavit is made in support of an application for a warrant to search the following item (hereinafter referred to as the "TARGET ITEM"):

    a.     Apple iPhone 7, model: A1660, FCC ID: BCG-E3085A, IC: 579C-E3085A;

described in Attachment A, which is attached hereto and incorporated herein by reference, for evidence of violations of Title 18, United States Code, Sections 2252A(a)(1),(b)(1) (Transportation of Child Pornography), Title 18, United States Code, Section 2252A(a)(2),(b)(1) (Receipt of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B),(b)(2) (Possession of Child Pornography) (the "TARGET OFFENSES").

4.     The statements in this affidavit are based in part on information provided by Task Force Officers of the FBI, as well as documents, reports, and Affidavits prepared by investigators of Federal Bureau of Investigation, and on my experience and background as a TFO of the FBI. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of the TARGET OFFENSES are located within the TARGET ITEM.

## PROBABLE CAUSE

8.     On December 14, 2017, a Grand Jury sitting in and for the District of Maryland returned a true bill charging RAYMOND KILCHENSTEIN in a seven count Indictment with Transportation, Receipt, and Possession of Child Pornography, in violation of Title 18 U.S.C. §§

2252A(a)(1), 2252A(a)(2), and 2252A(a)(5)(B), respectively. See RDB 17-0659. Based on the Indictment, an arrest warrant was also authorized for the arrest of RAYMOND KILCHENSTEIN.

9. The Indictment was premised on an investigation that indicated KILCHENSTEIN, a previously convicted sex offender, was trading child pornography in three separate ways: (1) by using a foreign web site that facilitates sharing images and videos; (2) by various email addresses; and (3) by utilizing KIK, an instant messaging application for mobile devices that allows users to share photos, videos, and other content, while utilizing the username "daddyspike." The investigation was initiated with a lead from authorities in Canada that was passed to the National Center for Missing and Exploited Children ("NCMEC"). NCMEC passed the lead to the FBI's Major Case Coordination Unit ("FBI's MCCU"). After a series of search warrants, subpoenas, and other follow up investigation, it was determined that KILCHENSTEIN was residing in Essex, Maryland. The matter was referred to the FBI's Baltimore Field Office, and a search warrant was executed on February 10, 2017. See Mag. No. 17-0316, 17-0317, 17-0318 BPG. Authority was granted to search KILCHENSTEIN'S residence (a mobile camper located at 6 Pecan Lane, Essex, MD), KILCHENSTEIN'S truck, and KILCHENSTEIN'S person. Authority to search KILCHENSTEIN'S person was requested in an effort to increase the likelihood of recovery of a cellular telephone which the investigation had indicated he was likely utilizing to access the internet generally, and the KIK application, specifically.

10. On February 10, 2017, when the search warrant was executed, KILCHENSTEIN was not present. Various digital storage media was seized from his residence, to include three thumb drives, an ASUS laptop computer, and a hard drive. No cellular telephone was seized, however, a box for an iPhone was observed at the residence.

11. The electronic items seized were submitted to the FBI Digital Analysis Research Center, for forensic examinations. The forensic examinations resulted in the discovery of a large number of both videos and images of child pornography stored within the electronic items seized from 6 Pecan Lane, Essex, Maryland 21221. Forensic examination of the hard drive from the ASUS laptop linked RAYMOND KILCHENSTEIN to it. More recent follow up forensic analysis of that hard drive indicated an iPhone back-up file. The iPhone backup file contained music files, image files, text messaging files, streams of text messages where images were both sent and received, along with other information stored within the original phone to which the backup file was created. The forensic examiner determined that the iPhone that the backup file was created from had Kik messenger installed. An examination of the KIK messages in the iPhone backup file indicated that the KIK messenger application installed on the iPhone used to create the backup file, had a user input screenname of "daddyspike", and a user input name of "Ray K". Stored KIK messages in the backup file show that the user of KIK with the screenname of "daddyspike" utilized the application to both send and received images of child pornography to other users on KIK.

12. On December 15, 2017, your Affiant, along with other members of law enforcement, located and arrested KILCHENSTEIN at 6 Pecan Lane, Essex, Maryland 21221. At the time of the arrest, your Affiant observed an Apple iPhone 7, model: A1660, FCC ID: BCG-E3085A, IC: 579C-E3085A, black in color, and stored within an "Otterbox" brand phone case (TARGET ITEM), sitting on a table next to a lounge chair where KILCHENSTEIN was located. Due to the information known to your Affiant, your Affiant believed that the iPhone belonged to KILCHENSTEIN, and that it contained evidence of the TARGET OFFENSES, your Affiant seized and secured the TARGET ITEM. The TARGET ITEM is presently secured at the

Case 1:17-mj-03442-BPG Document 3 Filed 01/09/18 Page 5 of 8

17 - 3 4 4 2 BPG

FBI's Digital Analysis Research Center. To date, no forensic analysis of the TARGET ITEM has been attempted by law enforcement.

## CONCLUSION

20. Based on the foregoing, I respectfully submit that there is probable cause to believe that the aforementioned federal statutes have been violated and that there is probable cause to believe that evidence of these crimes can be found stored within the TARGET ITEM.

21. Wherefore, I respectfully request that the Court issue a search warrant to search the TARGET ITEM, further described in Attachment A, for the items also described in Attachment A.

_____
Task Force Officer Todd A. Moody
Federal Bureau of Investigation

Sworn and subscribed before me
this ___19th___ day of December, 2017

_____
HONORABLE BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

17 - 3 4 4 2 BPG

The TARGET ITEM, currently secured at the FBI, Digital Analysis Research Center, 801 International Drive, Linthicum, Maryland, is further described as:

One Apple iPhone 7, model: A1660, FCC ID: BCG-E3085A, IC: 579C-E3085A, black in color, and stored within an "Otterbox" brand phone case.

The TARGET ITEM is to be searched for the following items, which may be seized:

1. Any and all visual depictions of minors, to include depictions of minors engaged in sexually explicit conduct as defined under Title 18, U.S.C. § 2256(8).

2. Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, U.S.C. § 2256(8).

3. Any and all correspondence identifying persons transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, U.S.C. § 2252A(a)(5)(B) & (b)(2) 2256(2).

4. Any and all records, documents, invoices and materials that concern any accounts with Sprint or any other Internet Service Provider, screen names, online accounts, or email accounts.

5. Any indication of purchase and/or possession of web cameras, cameras, film, cell phones with cameras and/or internet capability, or other photographic equipment.

6. Any and all documents, records, or correspondence pertaining to occupancy, ownership or other connection to Raymond Courtney Kilchenstein and/or 6 Pecan Lane, Essex, Maryland 21221.

7. Any and all electronically stored diaries, notebooks, notes, address books, pictures, emails, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

8. Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

   a. Correspondence with children;
   b. Any and all visual depictions of minors;
   c. Internet browsing history;
   d. Books, logs, emails, chats, diaries and other documents.

9. Any and all notes, documents, records, photos or correspondence that indicate an

1

interest in pornography or incest, including, but not limited to:

      a.     Any and all visual depictions of individuals engaged in sex acts;
      c.     Internet browsing history;
      d.     Books, logs, emails, chats, diaries and other documents.

As used above, the terms "records, documents, messages, correspondence, data, and materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms. It also includes items in the form of computer hardware, software, documentation, passwords, and/or data security devices.

10.     Evidence of who used, owned, or controlled the TARGET ITEM at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

      b.     evidence of software that would allow others to control the TARGET ITEM, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

      c.     evidence of the lack of such malicious software;

      d.     evidence of the attachment to the TARGET ITEM of other storage devices or similar containers for electronic evidence;

      e.     evidence of counter forensic programs (and associated data) that are designed to eliminate data from the TARGET ITEM;

      f.     evidence of the times the TARGET ITEM was used;

      g.     passwords, encryption keys, and other access devices that may be necessary to access the TARGET ITEM; documentation and manuals that may be necessary to access the TARGET ITEM or to conduct a forensic examination of the TARGET ITEM; and

      h.     contextual information necessary to understand the evidence described in this attachment. For example, an indication that an account requiring a password (e.g., a bank account) was accessed on the TARGET ITEM moments after a search term indicating an interest in sexual conduct involving minors was entered into an internet search engine (e.g., Bing, Google, Yahoo!).

11.     With respect to the search of the TARGET ITEM described in paragraphs 1 through 10 above, the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, to

minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

    a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c. "scanning" storage areas to discover and possible recover recently deleted files;

    d. "scanning" storage areas for deliberately hidden files; or

    e. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography or other criminal activity, the further search of that particular directory, file or storage area, shall cease.